IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAMONA BRICE DAVIS, )
)
        Plaintiff, )
)
v. )   CIVIL ACTION NO.: CV210-055
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Edward T. Morriss ("the ALJ" or "ALJ Morriss") denying her claim for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award of benefits in her favor, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on May 25, 2005, alleging that she became disabled on September 14, 2004, due to carpal tunnel syndrome, affective and mood disorders, osteoarthrosis, allied disorders, and disorders of the muscle, ligament, and fascia. (Tr. at 16, 26-27). After her claim was denied initially and upon

reconsideration, Plaintiff filed a timely request for a hearing. On December 1, 2008, ALJ Morriss conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. ALJ Morriss found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 16). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff, born on December 31, 1956, was fifty-two (52) years old when ALJ Morriss issued his final decision. She has two years' college education. (Tr. at 19). Plaintiff's past relevant work experience includes employment as dispatcher and medical records specialist. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20

2

C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity since December 12, 2005. (Tr. at 18). At Step Two, the ALJ determined that Plaintiff had an injured right knee and obesity, conditions considered "severe" under the Regulations. ALJ Morriss considered Plaintiff's depression to be a non-severe impairment because she stopped taking medication for this condition, and there was no indication she received medical treatment for depression. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 18). The ALJ found that Plaintiff had the residual functional capacity to perform work at the sedentary exertional level. (Tr. at 19). At the next step, ALJ Morriss noted Plaintiff was able to perform her past relevant work as a dispatcher, as the occupation is generally performed throughout the national economy. (Tr. at 21).

AO 72A
(Rev. 8/82)

## ISSUES PRESENTED

Plaintiff asserts that ALJ Morriss, in assessing her residual functional capacity, ignored her borderline intellectual capacity, carpal tunnel syndrome, and the necessity for a cane and did not properly evaluate her obesity. Plaintiff also asserts that the ALJ's finding that she can perform her past relevant work is not supported by substantial evidence, as he failed to evaluate the demands of this past relevant work.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

4

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that ALJ Morriss failed to explain why he did not include her borderline intellectual functioning in his assessment of her residual functional capacity. Plaintiff asserts that her past relevant work as a dispatcher is semi-skilled work which requires reasoning skills and the ability to perform this work under stress, and there is no evidence she retains the ability to perform this work at her current level of functioning. Plaintiff also asserts that the ALJ did not properly assess her physical limitations, such as her need to use a cane to walk, her carpal tunnel syndrome, and her obesity.

Defendant alleges that ALJ Morriss based his residual functional capacity assessment on the entire record, including all of Plaintiff's symptoms. Defendant contends that the ALJ specifically found Plaintiff did not have a severe mental impairment, and this finding was based on a doctor's opinion, which, in turn, was based on another doctor's evaluation of Plaintiff. Defendant states that Plaintiff has the burden of proving she is unable to perform her past relevant work, and Plaintiff failed to meet her burden.

Under the Act, a plaintiff bears the burden of proving that she cannot perform her past relevant work. Hennes v. Comm'r of Soc. Sec. Admin., 130 F. App'x 343, 346 n.3 (11th Cir. 2005) (citing Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991)). "In determining whether a claimant can return to her past relevant work, the ALJ must

determine the claimant's [residual functional capacity], using all relevant medical and other evidence in the record." Id. (citing Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004)). If a plaintiff can still perform the kind of work she has done in the past, she will be found "not disabled" within the meaning of the Act. 20 C.F.R. § 404.1520(e); Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). A plaintiff need only retain the ability to perform her past kind of work, not the specific job she held in the past. If a plaintiff cannot perform her past relevant work, the burden shifts to the ALJ to prove that other work exists in the national economy which the plaintiff can perform. Id.

The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of sedentary work, which involves "lifting no more than 10 pounds, sitting for up to 6 hours and standing/walking for 2 hours in an 8-hour work day." (Tr. at 19, n.2). In making his determination, the ALJ considered all of Plaintiff's alleged impairments and symptoms, and he gave limited weight to the opinion of the State Agency, which found Plaintiff could perform work at a higher exertional level. (Tr. at 21). ALJ Morriss found Plaintiff's depression to be non-severe, as there was no evidence that she was receiving medical treatment for her depression, Plaintiff testified that she discontinued taking medications for this condition, and this condition was an on and off impairment. (Tr. at 18).

As for Plaintiff's complaints of bilateral knee pain, the ALJ noted that there was no evidence of Plaintiff's inability to walk effectively, despite Plaintiff's complaints of knee pain and a physician's finding of bilateral crepitus. ALJ Morriss noted that Plaintiff's medical records revealed that she fell from a truck in March 2005, and though she complained of having right knee pain, x-rays of her right knee and lumbar spine

AO 72A
(Rev. 8/82)

were negative. Later that same year, Plaintiff re-injured her right knee and later had arthroscopic surgery. The ALJ noted Plaintiff's "long history" of osteoarthritis and that she was recommended for joint replacement surgery; however, she cancelled a surgery in January 2008, which was later rescheduled for June 2008. (Tr. at 20). At the time of the hearing in December 2008, Plaintiff still had not had the surgery, which was scheduled for the following week.

ALJ Morriss observed that Plaintiff did not testify at the hearing that she had any limitations due to her obesity, though she did indicate that her weight caused more pain in her knee. In addition, ALJ Morriss considered Plaintiff's low IQ scores[1] but did not "accept" her scores "as a valid indicator of her life-long abilities" based on her educational and vocational background. (Tr. at 19). ALJ Morriss specifically noted that Plaintiff graduated from high school and went to college for two (2) years and that she worked as a dispatcher and as a medical records specialist.

ALJ Morriss' determination that Plaintiff could perform her past relevant work as a dispatcher, as this job is performed in the national economy, is supported by substantial evidence. Because Plaintiff was unable to meet her burden that she could not perform her past relevant work, the burden never shifted to the ALJ to show that other work Plaintiff could perform existed in the national economy. Hennes, 130 F. App'x at 346.

---

[1] Plaintiff states she does not contest the ALJ's determination that she does not meet the requirements of Listing 12.05C. (Doc. No. 9, p. 17).

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 2nd day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE